IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:20-CR-61-SA

KEVIN L. CRANDELL  DEFENDANT

ORDER

The Defendant, Kevin L. Crandell, has filed two Motions *in Limine* [24, 25]. The Government has responded in opposition to both Motions [24, 25]. Having reviewed the filings, along with the applicable authorities, the Court is prepared to rule.

*Relevant Background*

On October 8, 2020, Crandell was indicted. The One-Count Indictment [1] charges Crandell with tax evasion in violation of 26 U.S.C. § 7201. Specifically, the Indictment [1] alleges that Crandell "willfully attempted to evade and defeat the payment of income tax due and owing by him to the United States of America, for the calendar years 2006, 2007, 2008, 2009, 2010, 2011, and 2012[.]" [1] at p. 1. The Indictment [1] lists various ways in which the Government believes Crandell acted to evade tax payments, including lying and intentionally failing to include pertinent information on certain forms submitted to the IRS.

The Government contends that, during the time period of 2006 through 2012, Crandell did not file a personal income tax return. Crandell eventually filed the returns at various times, generating a personal tax liability of $972,493 in taxes, penalties, and interest. According to the Government, despite eventually filing the returns, Crandell "did not pay any significant amount towards the large tax deficiency that he owed to the IRS." [29] at p. 1.

On October 25, 2021, Crandell filed two separate Motions *in Limine* [24, 25]. The first Motion [24] requests that the Court "exclude any testimony, mention, or insinuation" relating to

two of Crandell's corporate entities' business bank accounts. The second Motion [25] requests that the Court exclude any testimony or reference to Crandell's purported purchase of firearms during the years 2006-2012. The Government opposes both Motions [24, 25], asserting that the evidence is admissible.

*Motion in Limine Standard*

The purpose of a motion *in limine* is to prohibit opposing counsel "from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *U.S. v. Beasley*, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir. 1977)). Importantly, "[e]vidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)); *see also U.S. v. Crawford*, 2019 WL 2077035, at *1 (N.D. Miss. May 10, 2019) ("As is true with motions *in limine* in civil cases, a motion *in limine* in a criminal case should only be granted if the challenged evidence is shown to be inadmissible on all possible grounds.") (citations omitted). "Evidentiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King v. Cole's Poultry*, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)).

*Analysis and Discussion*

As previously noted, Crandell has filed two separate Motions *in Limine* [24, 25]. The Court will address them in turn.

I.      *Motion in Limine concerning bank accounts [24]*

As noted above, Crandell's first Motion [24] relates to his failure to list two corporate bank accounts when completing a form submitted to the IRS—particularly, Form 433-A—which, as explained by Crandell, "is an IRS form that is used to obtain current financial information necessary for determining how a wage earner or self-employed individual can satisfy an outstanding tax liability." [24] at p. 1.

According to Crandell, he was a wage earner who was paid by Kevin Crandell M.D., P.A., which is a C-Corporation. He further states that "[u]nder the instructions for the Form 433-A, [he] was only required to list his personal bank accounts and not any business bank accounts." [24] at p. 2. Crandell contends:

> While the Government may ultimately prove that there was a tax deficiency, it will not be able to prove that failing to list BancorpSouth Account No. XXXX-X27-4 and BancorpSouth Account No. XXXX-X26-6 on the Form 433-A was a willful affirmative act that constitutes an evasion or attempted evasion of taxes. *The reason is because Dr. Crandell was never required to list his business bank accounts so whether or not these two business accounts were listed on the Form 433-A has no bearing on the merits of this case and should be excluded*.

[24] at p. 2-3 (emphasis added).

Crandell seeks exclusion of this information under Rules 401 and 403 of the Federal Rules of Evidence, arguing that the evidence is irrelevant.

In response, the Government notes that the "core issue" at trial will be that Crandell underreported his gross income and assets when he completed the Form 433-A. [29] at p. 2. Under the Government's theory, he did so "in order to receive a more favorable settlement from the IRS on the large personal income tax liability he had accumulated[.]" *Id*. Further, the Government notes that "[i]n order to prove that [Crandell's] gross income was underreported, the government would

3

offer evidence of his actual income. This evidence would include bank statements from bank accounts controlled by [Crandell][.]" *Id*. The Government's position, stated plainly, is that Crandell controlled the corporate bank accounts and that the statements from those accounts are relevant to the amount of his income.

Under Rule 401, evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. "Federal Rule of Evidence 403 provides that 'the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Goode v. City of Southaven*, 2019 WL 1089445, at *2 (N.D. Miss. Mar. 7, 2019) (quoting FED. R. EVID. 403).

The Court first notes that it has not been provided with a copy of the completed Form 433-A at issue nor has it had an opportunity to review the purported bank statements. This undoubtedly hamstrings the Court's ability to analyze these issues fully and accurately. Generally speaking, without having reviewed the documents, the Court agrees with the Government's position that the information may be of some relevance. As to the potential prejudice under Rule 403, the Court cannot, without viewing the pertinent documents, accurately analyze the potential prejudice or likelihood of jury confusion. In other words, the Court cannot find that the evidence is clearly inadmissible on all potential grounds. *See Crawford*, 2019 WL 2077035 at *1.

The Motion [24] is DENIED. Crandell may raise this issue at trial. The Court will, if necessary, address the admissibility of the evidence outside the presence of the jury.

II. *Motion in Limine concerning purchase of firearms [25]*

Crandell's Second Motion [25] relates to his purported purchase of firearms during the time period of 2006-2012. In particular, Crandell states he "expect[s] the Government will attempt to elicit testimony from its witnesses that Dr. Crandell chose to purchase firearms during the years of 2006 to 2012 instead of paying his taxes due." [25] at p. 1-2. Crandell takes the position that "even if [he] purchased firearms during the years in question, it is irrelevant and has no bearing as to any of the elements of this case. . . Any testimony related to the purchase of firearms would not help the Government meet the elements of 'willful' or 'positive attempt to evade taxes' since the purchase of firearms is not an illegal act nor does the law forbid citizens from making any purchases, even if taxes are owed to the United States." [25] at p. 2.

In the Court's view, this is a textbook example of the type of evidentiary issue which should not be decided in the abstract. While the purported testimony may be relevant under Rule 401, the Court cannot appropriately conduct the Rule 403 balancing test without proper context. *See, e.g., King*, 2017 WL 532284 at *1. The Motion [25] is DENIED. The Court will take up this matter when it arises at trial.

*Conclusion*

The Motions *in Limine* [24, 25] are DENIED. As noted above, Crandell may raise these matters as they arise at trial, and the Court will consider them in due course.

SO ORDERED, this the 24th day of February, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE